UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| FAEGANN HARLOW fka SAMANTHA HOBBS,<br><br>    Plaintiff,<br><br> v.<br><br>MTC FINANCIAL INC., et al.,<br><br>    Defendants. | 2:11-cv-01775-PMP-VCF<br><br>ORDER |

Presently before the Court is Defendant United Title of Nevada, Inc.'s ("United Title") Motion for Summary Judgment (Doc. #37), supported by a Request for Judicial Notice (Doc. #38), filed on March 15, 2012. Plaintiff Faegann Harlow ("Harlow") filed a Response (Doc. #42) and a Countermotion for a Continuance (Doc. #43) on April 6, 2012. United Title did not file a reply in support of its Motion for Summary Judgment or a response to Harlow's Countermotion for a Continuance.

Also before the Court is Harlow's Motion for Leave to File Second Amended Complaint (Doc. #40), filed on March 19, 2012. United Title filed an Opposition (Doc. #46) on April 20, 2012. Harlow filed a Reply (Doc. #49) on April 27, 2012.

Also before the Court is Harlow's Motion to Clarify Order, or in the Alternative, Relief from Order (Doc. #45) filed on April 10, 2012. United Title did not file a response.

**I. BACKGROUND**

On May 12, 2008, Harlow obtained a loan in the principal amount of $238,000.00 from Wells Fargo Bank, N.A. ("Wells Fargo"). (Def.'s Req. Judicial Notice (Doc. #38)

["RJN"], Ex. B at 2; Pl.'s Resp. to Def. United Title's Mot. Summ. J. (Doc. #42) ["Pl.'s Resp."], Ex. 1 at 2.)  Repayment of the loan was secured by a deed of trust on property located at 7045 Harbor View Drive, Las Vegas, Nevada 89119 (the "Property").  (RJN, Ex. B at 3; Pl.'s Resp., Ex. 1 at 3.)  The deed of trust names Wells Fargo as beneficiary and United Title as trustee.  (RJN, Ex. B at 1-2; Pl.'s Resp., Ex. 1 at 1-2.)

On January 27, 2010, Wells Fargo recorded a limited power of attorney granting certain employees of Defendant MTC Financial, Inc. d/b/a/ Trustee Corps. ("Trustee Corps.") authority to, among other things, execute, acknowledge, and record substitutions of trustees and notices of default on mortgages on Wells Fargo's behalf.  (RJN, Ex. D at 2.)  The limited power of attorney became effective as of its execution date, December 18, 2009.  (Id.)  In its capacity as attorney-in-fact for Wells Fargo, Trustee Corps. substituted itself as trustee, removing United Title from that role.  (RJN, Ex. C at 1; Pl.'s Resp., Ex. 3 at 1.)  The substitution of trustee was executed in March of 2010, but the day of execution is illegible.  (Id.)  However, the substitution of trustee was acknowledged before a notary on March 4, 2010 and recorded on May 18, 2010.  (RJN, Ex. C at 2; Pl.'s Resp., Ex. 3 at 2.)

Meanwhile, on March 9, 2010, Trustee Corps.' agent recorded a notice of default and election to sell because Harlow "failed to pay payments which became due."  (RJN, Ex. E at 1; Pl.'s Resp., Ex. 2 at 1.)  On March 11, 2010, Wells Fargo assigned to Federal Home Loan Mortgage Corporation all beneficial interest under the deed of trust.  (RJN, Ex. H at 1.)

On August 25, 2011, the State of Nevada Foreclosure Mediation Program issued a certificate allowing the foreclosure process to proceed.  (RJN, Ex. F.)  The same day, Trustee Corps. recorded a notice of trustee's sale of the Property.  (RJN, Ex. G; Pl.'s Resp., Ex. 4.)  The foreclosure sale occurred on September 20, 2011, and Federal Home Loan Mortgage Corporation purchased the Property at the sale.  (RJN, Ex. I at 1-2; Pl.'s Resp., Ex. 5 at 1-2.)

2

Following the foreclosure sale, Harlow brought suit in Nevada state court alleging three claims against Trustee Corps. and one claim against United Title. (Pet. for Removal (Doc. #1), Ex. A.) On November 4, 2011, Trustee Corps. filed a petition for removal to this Court. (Pet. for Removal.) On January 3, 2012, the Court granted Trustee Corp.'s motion to dismiss all claims against it. (Order (Doc. #20).)

United Title now moves for summary judgment on the only claim asserted against it, breach of fiduciary duty. United Title argues the claim fails as a matter of law because United Title did not owe a fiduciary duty to Harlow. Harlow responds that United Title owed a fiduciary duty to both the beneficiary and the grantor of the deed of trust and that there are genuine issues of material fact as to whether United Title breached its fiduciary duty.

**II. MOTION FOR SUMMARY JUDGMENT**

    **A. Motion for Continuance**

Harlow argues United Title's Motion for Summary Judgment should be denied on the grounds it is premature because discovery has not yet commenced and because Harlow's Motion for Leave to File Second Amended Complaint is pending. Alternatively, Harlow moves for a continuance to allow her the opportunity to take discovery necessary to oppose summary judgment.

Under Federal Rule of Civil Procedure 56(d) if, in response to a summary judgment motion, "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may defer consideration of the motion, deny the motion, allow the parties time to complete additional discovery, or grant other appropriate relief. The party requesting additional time to conduct discovery to oppose summary judgment "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr.,

Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).  If the nonmovant does not satisfy these requirements, the Court may rule on summary judgment without granting additional discovery.  Id.

Harlow did not submit an affidavit or declaration that would support relief under Federal Rule of Civil Procedure 56(d).  The Court therefore will deny Harlow's Rule 56(d) Countermotion for a Continuance.

### B.  Breach of Fiduciary Duty[1]

United Title moves for summary judgment, arguing Harlow's breach of fiduciary duty claim fails as a matter of law because United Title did not owe a fiduciary duty to Harlow pursuant to Nevada Revised Statutes § 107.028(5) and common law.  United Title argues that any duties it had as trustee under the deed of trust, namely, to foreclose upon default or reconvey the deed of trust upon satisfaction of the secured debt, never were triggered because Wells Fargo elected to replace Trustee Corps. as trustee.  As a result, United Title was not involved in the foreclosure of the Property.  United Title argues that the fact it was the original trustee of Harlow's deed of trust, by itself, is insufficient to establish a cognizable claim against United Title.

Harlow responds that United Title had a fiduciary duty to both the beneficiary and the grantor of the deed of trust.  Harlow argues United Title breached its duty by allowing Wells Fargo to "record false documents and perform an illegal substitution." (Pl.'s Resp. at 14:1-2.)  Specifically, Harlow argues that the substitution of trustee was signed by a "robo-signer[]" employed by Trustee Corps. and that it contains notary fraud. (Id. at 12.)  Further, Harlow argues Nevada Revised Statutes § 107.028(5) is inapplicable in this case because this statute did not go into effect until after the foreclosure sale occurred.

---

[1] The Court will not address the parties' arguments regarding counts one, two, and three of Harlow's Amended Complaint.  These counts were directed solely at Trustee Corps. and already have been dismissed.

4

Finally, Harlow argues United Title had a fiduciary duty to act impartially with respect to the deed of trust pursuant to Nevada Revised Statutes §§ 164.710, 164.720.

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is "material" if it might affect the outcome of a suit, as determined by the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "genuine" if sufficient evidence exists such that a reasonable fact finder could find for the non-moving party. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). Initially, the moving party bears the burden of proving there is no genuine issue of material fact. Leisek v. Brightwood Corp., 278 F.3d 895, 898 (9th Cir. 2002). After the moving party meets its burden, the burden shifts to the non-moving party to produce evidence that a genuine issue of material fact remains for trial. Id. The Court views all evidence in the light most favorable to the non-moving party. Id.

When ruling on a motion for summary judgment, the Court may take judicial notice of matters of public record, including recorded documents. Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 866 n.1 (9th Cir. 2004) (citing Lee v. City of L.A., 250 F.3d 668, 689 (9th Cir. 2001)). Here, United Title submitted as exhibits to its Request for Judicial Notice copies of various title documents recorded in the Clark County Recorder's Office. The documents are public records appropriate for judicial notice under Federal Rule of Evidence 201(b)(2). As such, in reviewing the Motion for Summary Judgment, the Court properly may consider the documents attached to United Title's Request for Judicial Notice.

In 2011, the Nevada Legislature amended Chapter 107 of the Nevada Revised Statutes to include a new section providing that "[t]he trustee does not have a fiduciary obligation to the grantor or any other person having an interest in the property which is

5

subject to the deed of trust." Nev. Rev. Stat. § 107.028(5). This amendment was effective October 1, 2011. (A.B. 284 §§ 6, 15, amended by A.B. 273 §§ 5.8, 5.95, 2011 Leg., 76th Sess. (Nev. 2011).) Because the foreclosure sale at issue occurred before the effective date of this amendment, the Court will not apply Nevada Revised Statutes § 107.028(5).

Prior to the amendment, Nevada courts had not squarely addressed whether a trustee under a deed of trust owes a fiduciary duty to the grantor. "If there are no Nevada Supreme Court decisions directly on point," the Court "must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." Eichacker v. Paul Revere Life Ins. Co., 354 F.3d 1142, 1145 (9th Cir. 2004). "Where Nevada law is lacking, its courts have looked to the law of other jurisdictions, particularly California, for guidance." Id. (quotation omitted); see, e.g., People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd., 895 P.2d 1269, 1281-82 (Nev. 1995); Commercial Standard Ins. Co. v. Tab Constr., Inc., 583 P.2d 449, 451 (Nev. 1978).

There is a division of authority on this issue. In some jurisdictions, a trustee of a deed of trust owes fiduciary duties to both the grantor and the beneficiary. See, e.g., Murray v. Wells Fargo Home Mortg., 953 A.2d 308, 324-25 (D.C. 2008); Killion v. Bank Midwest, N.A., 987 S.W.2d 801, 813 (Mo. Ct. App. 1998); Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank, 910 P.2d 1308, 1315 (Wash. Ct. App. 1996) (citing Cox v. Helenius, 693 P.2d 683, 686 (Wash. 1985)). Even so, the fiduciary duty conferred on trustees of deeds of trust is "more limited than the fiduciary duty conferred on trustees generally." Evans v. First Mount Vernon, ILA, 786 F. Supp. 2d 347, 356 (D.D.C. 2011) (citing Perry v. Va. Mortg. & Inv. Co., 412 A.2d 1194, 1197 (D.C. 1980)); see also Cox, 693 P.2d at 686 (recognizing that "a trustee's management responsibilities under a deed of trust are less extensive than those of trustees in other fiduciary settings."). Typically, a trustee's duties are confined to the duties imposed by governing foreclosure statutes and the deed of trust

itself. Murray, 953 A.2d at 324-25.

A fiduciary duty also may arise when there are "facts evidencing a confidential relationship above and beyond that ordinarily found between [grantor] and trustee." Russell v. Lundberg, 120 P.3d 541, 545 (Utah Ct. App. 2005). Such facts include "(1) where a [grantor] reposes its trust or confidence in the trustee and relies on the trustee's guidance, (2) where the trustee could exercise extraordinary influence over the [grantor], and (3) where the trustee stands in a dominant position to the [grantor]." Id. (internal quotation marks omitted) (holding that the foreclosing trustee did not owe a fiduciary duty to the grantor because there were no facts indicating a special relationship existed beyond the ordinary trustee-grantor relationship).

Other jurisdictions view a trustee of a deed of trust as a common agent for the grantor and the beneficiary rather than a fiduciary. California courts have held, as a matter of law, that "[t]he trustee in nonjudicial foreclosure is not a true trustee with fiduciary duties." Pro Value Properties., Inc. v. Quality Loan Serv. Corp., 88 Cal. Rptr. 3d 381, 384 (Cal. Ct. App. 2009); see also Villagrana v. Recontrust Co., N.A., No. 3:11-CV-00652-ECR-WGC, 2012 WL 1890236, at *3 (D. Nev. May 22, 2012); Orzoff v. Bank of Am., N.A., No. 2:10-CV-02202-JCM-GWF, 2011 WL 1539897, at *3 (D. Nev. Apr. 22, 2011); Mortg. Elec. Registration Sys., Inc. v. Sw. Homes of Ark., Inc., 301 S.W.3d 1, 6 (Ark. 2009); Zanfardino v. Jeffus, 117 S.W.3d 495, 499 (Tex. App. 2003). Instead, the trustee's duties are defined solely by the deed of trust and governing statutes. Pro Value Prop., Inc., 88 Cal. Rptr. 3d at 384. The trustee has no additional common law duties. (Id.)

The Court concludes Nevada likewise would hold that a trustee under a deed of trust does not owe a fiduciary duty to the grantor as a matter of law. Even in jurisdictions in which a trustee owes a fiduciary duty, that duty generally amounts to no more than the duty imposed by the deed of trust and the foreclosure statutes. Further, the Nevada Legislature's 2011 enactment of Nevada Revised Statutes § 107.028(5), which explicitly provides that

7

"[t]he trustee does not have a fiduciary obligation to the grantor . . . ," supports the conclusion that no fiduciary duty exists under Nevada law.

Here, any duties United Title had pursuant to the deed of trust and governing Nevada statutes were terminated once Trustee Corps. was substituted as trustee in place of United Title. Absent a fiduciary relationship, there can be no breach of fiduciary duty. See Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 880-81 (9th Cir. 2007) (applying Nevada law). Further, there are no facts indicating United Title shared a confidential relationship with Harlow beyond the parties' grantor-trustee relationship that otherwise would give rise to a fiduciary duty.

Even if United Title owed a fiduciary duty to Harlow following the substitution, a breach of fiduciary duty only would lie if United Title foreclosed when Harlow was not in default of her mortgage obligation. Weingartner v. Chase Home Fin., LLC, 702 F. Supp. 2d 1276, 1288 (D. Nev. 2010). But it is undisputed United Title was not the foreclosing trustee, and Harlow does not argue she was not in default. Instead, Harlow argues United Title had a duty to prevent Wells Fargo from recording false documents and performing illegal substitutions. Neither the deed of trust nor the governing statutes impose such duties on a trustee or a former trustee of a deed of trust.

As for Harlow's argument United Title had a fiduciary duty pursuant to Nevada Revised Statutes §§ 164.710, 164.720, these statutes apply in the traditional trust context to fiduciaries managing and investing trust property, not to trustees of deeds of trust. Section 164.710 provides that in performing its duties under the Uniform Prudent Investor Act, Nevada Revised Statutes §§ 164.700 to 164.925, inclusive, a fiduciary shall administer a trust or estate in accordance with the terms of the trust or the will or the applicable provisions of the Uniform Prudent Investor Act "if the terms of the trust or the will do not contain a different provision or do not give the fiduciary a discretionary power of administration." Section 164.720 provides that a "trustee shall act impartially in investing

and managing trust property" when there are "two or more beneficiaries" of the trust. As used in §§ 164.710 and 164.720, "'[f]iduciary' means a trustee or, to the extent that [the Uniform Principal and Income Act] . . . appl[ies] to an estate, a personal representative." Nev. Rev. Stat. § 164.700(1).

Sections 164.710 and 164.720 are inapposite in this case. United Title formerly was the trustee of Harlow's deed of trust, not a fiduciary responsible for administering a trust or estate as set forth in § 164.710. Further, Harlow is not the beneficiary of a trust to whom a duty of impartiality is owed under § 164.720. Instead, Harlow is the grantor of the deed of trust. Any duties United Title owed to Harlow are set forth in Chapter 107 of the Nevada Revised Statutes, which governs deeds of trust, and the deed of trust itself. See Monterey S.P. P'ship v. W.L. Bangham, Inc., 777 P.2d 623, 628 (Cal. 1989) (discussing California's deed of trust act) ("The similarities between a trustee of an express trust and a trustee under a deed of trust end with the name . . . . the trustee under a deed of trust does not have a true trustee's interest in, and control over, the trust property. Nor is it bound by the fiduciary duties that characterize a true trustee."). Accordingly, the Court will grant United Title's Motion for Summary Judgment.

### III. MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Harlow moves for leave to amend her Amended Complaint to include additional defendants and to assert new claims for relief, including a claim against United Title for violations of Nevada Revised Statutes §§ 107.085, 164.720. United Title opposes the motion, arguing amendment would be futile because § 164.720 does not apply to trustees of deeds of trust, thereby making it inapplicable in this case. Harlow replies that amendment is not futile because United Title owes a duty of impartiality under §§ 107.080(5), 164.720.[2]

---

[2] It is unclear whether Harlow seeks relief under §§ 107.085 or 107.080(5). In her proposed Second Amended Complaint, Harlow alleges United Title violated § 107.085. In her reply in support of her motion to amend, Harlow argues United Title violated § 107.080(5).

9

Generally, a plaintiff may amend her complaint once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.; Forman v. Davis, 371 U.S. 178, 182 (1962). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011). It is within the district court's discretion to determine whether to grant leave to amend, and "[a] district court does not err in denying leave to amend where the amendment would be futile." Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009).

There is no indicia of bad faith or undue delay. Although Harlow previously amended her Complaint, it was prior to removal of the case to this Court. Thus, the relevant questions are whether amendment would be futile and whether amendment will prejudice United Title. As described above, Nevada Revised Statutes § 164.720 is inapposite in this case because it deals with a trustee's duty of impartiality in administering and managing trust property when there are two or more beneficiaries of the trust. It does not apply to trustee of a deed of trust, rendering amendment futile.

Harlow's proposed Second Amended Complaint also alleges United Title violated its duty of impartiality under Nevada Revised Statutes § 107.085. In her reply in support of her motion to amend, Harlow alternatively argues United Title violated its duty of impartiality under § 107.080(5). Regardless, neither statute confers a duty of impartiality on United Title.

Section 107.085 provides that in the context of a transfer in trust of an estate in real property, the trustee must provide the grantor with a notice as set forth in § 107.085(3)

with a copy of the promissory note attached to the notice.  Nowhere in § 107.085 is a duty of impartiality imparted on the trustee.  Section 107.080(5) provides that a trustee's foreclosure sale transfers all legal and equitable interests in the property to the purchaser.  Section 107.080(5) further provides that a foreclosure sale may be declared void if, among other things, the trustee did not substantially comply with § 107.080 or any applicable provisions of §§ 107.086 and 107.087.  Like § 107.085, § 107.080(5) does not impose a duty of impartiality on the trustee.

Given that United Title does not owe Harlow a duty of impartiality under §§ 107.085, 107.080(5), or 164.720 as a matter of law, amendment would be futile in this case.  Prolonging the litigation by permitting further amendment would result in undue prejudice to United Title.  As such, the Court, in its discretion, will deny Harlow's request for leave to amend to add count six against United Title.  The Court will grant the motion in all other respects.  Harlow shall file the Second Amended Complaint within twenty (20) days from the date of this Order.  Failure to comply with this Order will result in dismissal of this case, with prejudice.

**IV.  MOTION TO CLARIFY ORDER**

Harlow requests clarification, or, in the alternative, relief from the Court's Order (Doc. #44) entered April 9, 2012 in which the Court set a briefing schedule for United Title's Motion for Summary Judgment and Harlow's Motion for Leave to File Second Amended Complaint.  Given that the present Order disposes of both United Title's Motion for Summary Judgment and Harlow's Motion for Leave to File Second Amended Complaint, the Court will deny Harlow's Motion to Clarify Order as moot.

///
///
///
///

## V. CONCLUSION

IT IS THEREFORE ORDERED that Defendant United Title of Nevada, Inc.'s Motion for Summary Judgment (Doc. #37) is hereby GRANTED.  Judgment is hereby entered in favor of Defendant United Title of Nevada, Inc. and against Plaintiff Faegann Harlow.

IT IS FURTHER ORDERED that Plaintiff Faegann Harlow's Countermotion for Continuance (Doc. #43) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiff Faegann Harlow's Motion for Leave to File Second Amended Complaint (Doc. #40) is hereby GRANTED in part and DENIED in part.  The motion is DENIED as to proposed count six.  The motion is GRANTED in all other respects.

IT IS FURTHER ORDERED that Plaintiff Faegann Harlow shall file the Second Amended Complaint within twenty (20) days from the date of this Order.  Failure to comply with this Order will result in dismissal of this case, with prejudice.

IT IS FURTHER ORDERED that Plaintiff's Motion to Clarify Order, or in the Alternative, Relief from Order (Doc. #45) is hereby DENIED as moot.

DATED: June 8, 2012

_____
PHILIP M. PRO
United States District Judge