UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FAEGANN HARLOW fka SAMANTHA HOBBS,<br><br>          Plaintiff,<br><br> v.<br><br>LSI TITLE AGENCY, INC., et al.,<br><br>          Defendants. | 2:11-cv-01775-PMP-VCF<br><br>ORDER |

Presently before the Court is Defendant LSI Title Agency, Inc.'s ("LSI") Motion to Dismiss (Doc. #57), supported by a Request for Judicial Notice (Doc. #57-1), filed on August 2, 2012. Plaintiff Faegann Harlow ("Harlow") filed a Response (Doc. #62) on August 20, 2012. LSI filed a Reply (Doc. #64) on August 30, 2012.

**I. BACKGROUND**

On May 12, 2008, Harlow obtained a loan in the principal amount of $238,000.00 from Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (Def.'s Req. Judicial Notice (Doc. #57-1) ["RJN"], Ex. B at 2.) Repayment of the loan was secured by a deed of trust on property located at 7045 Harbor View Drive, Las Vegas, Nevada 89119 (the "Property"). (RJN, Ex. B at 3.) The deed of trust names Wells Fargo as beneficiary and United Title as trustee. (RJN, Ex. B at 1-2.)

On January 27, 2010, Wells Fargo recorded a limited power of attorney granting certain employees of Defendant MTC Financial, Inc. d/b/a/ Trustee Corps. ("Trustee Corps.") authority to, among other things, execute, acknowledge, and record substitutions

of trustees and notices of default on mortgages on Wells Fargo's behalf.  (RJN, Ex. J at 2.)  The limited power of attorney became effective as of its execution date, December 18, 2009.  (Id.)  In its capacity as attorney-in-fact for Wells Fargo, Trustee Corps. substituted itself as trustee, removing United Title from that role.  (RJN, Ex. D at 1.)  The substitution of trustee was acknowledged before a notary on March 4, 2010, and it was recorded on May 18, 2010.  (Id. at 1-2.)

Meanwhile, on March 9, 2010, LSI, on behalf of Trustee Corps., recorded a notice of default because Harlow "failed to pay payments which became due."  (RJN, Ex. C at 1.)  The notice of default is dated March 5, 2010, and it was notarized and recorded on March 9, 2010.  (Id. at 1-2.)  The notary acknowledgment had a typewritten date of March 5, 2010, but the number "5" was crossed out and replaced with a handwritten number "9."  (Id. at 2.)  On March 11, 2010, Wells Fargo assigned to Federal Home Loan Mortgage Corporation all beneficial interest under the deed of trust.  (RJN, Ex. H at 1.)

On August 25, 2011, the State of Nevada Foreclosure Mediation Program issued a certificate allowing the foreclosure process to proceed.  (RJN, Ex. E.)  The same day, LSI, on behalf of Trustee Corps., recorded a notice of trustee's sale of the Property.  (RJN, Ex. F.)  The foreclosure sale occurred on September 20, 2011, and Federal Home Loan Mortgage Corporation purchased the Property at the sale.  (RJN, Ex. I at 1-2.)

Following the foreclosure sale, Harlow brought suit in Nevada state court alleging three claims against Trustee Corps. and one claim against United Title.  (Pet. for Removal (Doc. #1), Ex. A.)  On November 4, 2011, Trustee Corps. filed a petition for removal to this Court.  (Pet. for Removal.)  On January 3, 2012, the Court granted Trustee Corp.'s motion to dismiss all claims against it.  (Order (Doc. #20).)  On June 8, 2012, the Court granted United Title's motion for summary judgment on the only claim against it and entered judgment in favor of United Title.  (Order (Doc. #50); J. (Doc. #51).)

///

On June 28, 2012, Harlow filed a Second Amended Complaint in which she added new Defendants Wells Fargo and LSI and asserted five new claims for relief: violation of Nevada Revised Statutes § 107.085 (count one); false representation/false document (count two); negligence per se/notary fraud (count three); unlawful/statutorily defective foreclosure (count four); and slander of title (count five). (Second Am. Compl. (Doc. #53).) LSI now moves to dismiss, arguing Harlow's two claims against LSI, negligence per se/notary fraud (count three) and slander of title (count five), fail as a matter of law. Harlow responds that she adequately has alleged her claims against LSI.

## II. MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of a complaint based upon its "failure to state a claim upon which relief can be granted." To succeed on such a motion, the defendant must show the plaintiff does not make sufficient factual allegations to establish a plausible entitlement to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). In considering whether the complaint is sufficient to state a claim, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." Wyler Summit P'ship v. Turner Broad. Sys. Inc., 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). The Court "liberally construe[s] the inartful pleading of pro se litigants." Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (quotation omitted).

When ruling on a motion to dismiss, if the Court considers evidence outside the pleadings, it normally must convert the motion into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). The Court "may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." Id. at 908. Here, LSI submitted as

3

exhibits to its Request for Judicial Notice copies of various title documents recorded in the Clark County Recorder's Office. The documents are public records appropriate for judicial notice under Federal Rule of Evidence 201(b)(2). As such, in reviewing the Motion to Dismiss, the Court properly may consider the documents attached to LSI's Request for Judicial Notice without converting the Motion into one for summary judgment.

### A. Count Three

Harlow labels count three as "negligence per se/notary fraud." However, in addition to allegations regarding negligence per se and notary fraud, Harlow alleges in count three that LSI violated Nevada's Deceptive Trade Practices Act. Therefore, the Court will address each of the three claims alleged in count three.

#### 1. Negligence Per Se

Harlow alleges LSI is liable for negligence per se because it violated three statutes: Nevada Revised Statutes § 240.155, which requires a notary to be present when notarizing a signature; Nevada Revised Statutes § 239.330, which makes it a felony to offer a false instrument for filing or recording; and Nevada Revised Statutes § 205.090, which makes it a felony to alter, forge, or counterfeit any one of the documents listed in the statute. LSI moves to dismiss, arguing Harlow fails to state a claim for negligence per se because these statutes are criminal statutes that do not provide a private right of action and cannot form the basis of a negligence per se claim. LSI further argues the legislature did not intend to impose civil liability for the criminal statutes at issue.

Harlow responds that "[a] civil statute's violation establishes the duty and breach elements of negligence when the injured party is in the class of persons whom the statute is intended to protect and the injury is of the type against which the statute is intended to protect." (Opp'n to Def. LSI Title Agency, Inc.'s Mot. to Dismiss (Doc. #62) at 17.) Harlow argues that § 239.330 was enacted to protect the rights of titleholders and that she was a member of this class of titleholders. She further argues that LSI's violation of

4

§ 240.155, combined with its violation of § 239.330, is enough to establish negligence per se. Finally, Harlow argues the notice of default is void because it allegedly was signed outside the presence of a notary, thereby rendering the trustee's sale void under Nevada Revised Statutes § 107.080(5).[1]

Section 240.155(1) provides that a notary public "shall not willfully notarize the signature of a person unless the person is in the presence of the notary public" and "[i]s known to the notary public" or, if unknown, "provides a credible witness or documentary evidence of identification to the notary public." A person who violates this statute or who aids and abets in the violation of this statute "is guilty of a gross misdemeanor." Id. § 240.155(2). Section 239.330 provides that it is a felony to "knowingly procure[] or offer[] any false or forged instrument to be filed, registered or recorded in any public office . . . ." Likewise, § 205.090 provides that it is a felony to "falsely make[], alter[], forge[] or counterfeit[] any record, or other authentic matter of a public nature . . . with the intent to damage or defraud any person . . . ." There is no express statutory grant of a private right of action for the violation of any of these statutes.

In determining whether a statute creates a private right of action when one is not expressly authorized by the statute, courts "may look no further than any unambiguous, plain statutory language." Richardson Constr. Inc. v. Clark Cnty. Sch. Dist., 156 P.3d 21, 23 (Nev. 2007). The absence of an express private right of action "suggests that the Legislature did not intend for the statute to be enforced through a private cause of action. Moreover, when a statute provides an express remedy, courts should be cautious about reading additional remedies into the statute." Id. (internal footnote omitted). "[W]hile a

---

[1] To the extent Harlow also intended to state a claim for violation of Nevada Revised Statutes § 107.085(5), this claim already was alleged in count one. In her Response, Harlow concedes that count one is directed solely at Defendant Wells Fargo. (Opp'n to Def. LSI Title Agency, Inc.'s Mot. to Dismiss (Doc. #62) at 14.)

5

criminal statute can form the basis of a claim for negligence per se, in the absence of legislative intent to impose civil liability, a violation of a penal statute is not negligence per se." Mazzeo v. Gibbons, 649 F. Supp. 2d 1182, 1200 (D. Nev. 2009) (quotation and citations omitted) (applying Nevada law).

Here, given that §§ 240.155, 239.330, and 205.090 do not provide for a private right of action or otherwise contemplate civil liability, they cannot provide a basis for Harlow's negligence per se claim. Further, the Nevada Legislature's express provision of criminal remedies but not civil remedies supports the conclusion that no private right of action was intended with respect to these statutes. The Court therefore dismisses Harlow's negligence per se claim with prejudice.

### 2. Notary Fraud

Harlow alleges LSI committed fraud because the notice of default falsely represents that Keli Tune, LSI's employee, signed the notice of default in front of a notary because the notice of default is dated March 5, 2010, but was not notarized until March 9, 2010. Harlow further alleges it is impossible for the notice of default to have been notarized in California on March 9, 2010, and recorded in Nevada on the same day. LSI moves to dismiss, arguing that Harlow fails to plead fraud with particularity. LSI further argues that Harlow's fraud claim fails because Harlow does not allege she justifiably relied on the misrepresentation in the notice of default to her detriment. LSI contends that any damages Harlow suffered as a result of the filing of the notice of default resulted from her failure to make mortgage payments when due, not from inconsistencies in the notarization of the notice of default. Harlow responds that she pleaded fraud with the requisite particularity. However, Harlow asks the Court to grant her leave to amend if the Court does not find she pleaded fraud with the requisite particularity. Harlow further argues that she is not required to tender the amount owed on her mortgage before seeking to set aside a statutorily defective foreclosure.

To state a claim for fraud, a plaintiff must allege (1) the defendant made a false representation, (2) the defendant knew or believed the representation to be false, (3) the defendant intended to induce plaintiff to rely on the misrepresentation, and (4) the plaintiff suffered damages as a result of his or her reliance on the misrepresentation. Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1386 (Nev. 1998). Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud." Pleading fraud with particularity requires allegations regarding the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (quotation omitted). Further, "the plaintiff must set forth what is false or misleading about a statement, and why it is false." Ebeid ex rel. U.S. v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted).

Harlow has not sufficiently alleged the requisite elements of fraud. Although Harlow alleges specific facts regarding the circumstances of the notarization and recording of the notice of default, she does not allege she relied on this misrepresentation to her detriment or otherwise explain how LSI intended to induce her to act or refrain from acting based on this misrepresentation. Given that the Court already has afforded Harlow an opportunity to amend and that the allegations in count three of Harlow's Second Amended Complaint largely reiterate the allegations in counts one and two of her Amended Complaint, the Court will deny Harlow's request for an additional opportunity to amend this claim. The Court therefore dismisses Harlow's notary fraud claim with prejudice.

### 3. Deceptive Trade Practices

Harlow alleges LSI's misrepresentations regarding the notarization of the notice of default constituted a deceptive trade practice under Nevada Revised Statutes § 598.0915(15). LSI moves to dismiss, arguing Harlow's claim for violation of § 598.0915(15) fails as a matter of law because LSI was not a party to a transaction with Harlow. Harlow does not respond to LSI's argument regarding § 598.0915(15).

7

Harlow's failure to respond to LSI's argument regarding § 598.0915(15) constitutes a consent to the granting of LSI's motion with respect to this claim.  LR 7-2(d).  Moreover, § 598.0915(15) is inapposite in this case.  Section 598.0915 defines various activities involving the sale or lease of goods or services that constitute deceptive trade practices.  Nev. Rev. Stat. §§ 598.0915(1)-(16).  Subsection 598.0915(15) is a catch-all provision stating it is a deceptive trade practice to "[k]nowingly make[ ] any other false representation in a transaction."  Although § 598.0915(15) is not specifically limited to transactions involving the sale or lease of goods or services, the plain language and overall organization of § 598.0915 indicate that subsection fifteen, like the rest of the transactions enumerated in the statute, applies to transactions involving the sale or lease of goods or services.  Rodriguez v. Bank of Am. Corp., 2:11-cv-01877-ECR-CWH, 2012 WL 3277108, at *2 (D. Nev. Aug. 8, 2012); Baudoin v. Lender Processing Servs., No. 2:12-cv-114-JCM-CWH, 2012 WL 2367820, at *3 (D. Nev. June 21, 2012).

Harlow does not allege that LSI's misrepresentation regarding the notarization and recording of the notice of default or the non-judicial foreclosure at issue in this case were transactions involving the sale or lease of goods or services.  Further, she does not cite any authority stating that § 598.0915(15) applies to real estate or foreclosure transactions.  The Court therefore dismisses Harlow's deceptive trade practices claim with prejudice.

### B. Slander of Title (Count Five)

In count five, Harlow alleges the Defendants slandered the title to her property by recording false and defective documents, resulting in an invalid foreclosure sale.  LSI moves to dismiss, arguing the notice of default and the notice of trustee's sale did not constitute false communications because Harlow does not allege she was not in default on her mortgage.  Further, LSI argues it was not false that Harlow's property was to be sold at a trustee's sale.  LSI also contends that Harlow did not allege facts indicating LSI acted with malice in recording the documents.  Harlow responds that the notice of default is a

8

false document because it contains a fraudulent notary acknowledgment. Harlow does not respond to LSI's arguments regarding the statements contained in the notice of trustee's sale or malice and thereby concedes these issues pursuant to Local Rule 7-2(d).

To state a claim for slander of title, a plaintiff must allege (1) false and malicious communications; (2) disparaging to one's title in land; (3) that cause special damages. Higgins v. Higgins, 744 P.2d 530, 531 (Nev. 1987). The communication element requires that "the words spoken [are] false." Rowland v. Lepire, 662 P.2d 1332, 1335 (Nev. 1983). An allegation that a notice of default is statutorily defective is insufficient to state a claim for slander of title when "the claims of default are not alleged to be false." Vega v. CTX Mortg. Co., 761 F. Supp. 2d 1095, 1100 (D. Nev. 2011).

Here, Harlow argues in her Opposition that the notice of default is a false communication because Keli Tune, LSI's employee who signed the notice of default, did not personally appear in front of the notary. Even assuming the notice of default is statutorily defective due to the notary issue, Harlow does not allege the claims of default contained in the notice of default are false. Specifically, Harlow does not allege that she did not "fail[] to pay payments which became due" as stated in the notice of default. The Court therefore dismisses Harlow's slander of title claim with prejudice.

**III. CONCLUSION**

IT IS THEREFORE ORDERED that Defendant LSI Title Agency, Inc.'s Motion to Dismiss (Doc. #57) is hereby GRANTED.

DATED: November 6, 2012

_____
PHILIP M. PRO
United States District Judge

9