1
2
3
4                               UNITED STATES DISTRICT COURT
5                                     DISTRICT OF NEVADA
                                            * * *
6                                         )
   FAEGANN HARLOW fka SAMANTHA )
7  HOBBS,                                  )
                                           )          2:11-cv-01775-PMP-VCF
8               Plaintiff,                  )
                                           )
9  v.                                      )
                                           )          ORDER
10 LSI TITLE AGENCY, INC., et al.,         )
                                           )
11              Defendants.                )
   _____)
12

13          Presently before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells

14 Fargo") Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. #74),

15 supported by a Request for Judicial Notice (Doc. #75) filed on November 1, 2012.  Plaintiff

16 Faegann Harlow ("Harlow") filed a Response (Doc. #80) on November 22, 2012.  Wells

17 Fargo filed a Reply (Doc. #81) on December 3, 2012.

18          Also before the Court are Wells Fargo's Motion to Expunge Lis Pendens (Doc.

19 #73), filed on November 1, 2012, and Motion for Decision on Motion to Dismiss or in the

20 Alternative Motion for Hearing (Doc. #84), filed on December 13, 2012.  Harlow did not

21 respond to these motions.

22          The parties are familiar with the facts in this case and the Court will not repeat

23 them here except where necessary.  Following the foreclosure sale at issue in this case,

24 Harlow brought suit in Nevada state court alleging three claims against Defendant MTC

25 Financial, Inc. ("Trustee Corps.") and one claim against Defendant United Title of Nevada

26 ("United Title").  (Pet. for Removal (Doc. #1), Ex. A.)  On November 4, 2011, Trustee

Corps. filed a petition for removal to this Court.  (Pet. for Removal.)  On January 3, 2012, the Court granted Trustee Corp.'s motion to dismiss all claims against it.  (Order (Doc. #20).)  On June 8, 2012, the Court granted United Title's motion for summary judgment on the only claim against it and entered judgment in favor of United Title.  (Order (Doc. #50); J. (Doc. #51).)

On June 28, 2012, Harlow filed a Second Amended Complaint in which she added new Defendants Wells Fargo and LSI Title Agency, Inc. ("LSI") and asserted five new claims for relief: violation of Nevada Revised Statutes § 107.085 (count one); false representation/false document (count two); negligence per se/notary fraud (count three); unlawful/statutorily defective foreclosure (count four); and slander of title (count five). (Second Am. Compl. (Doc. #53).)  On November 6, 2012, the Court granted LSI's motion to dismiss all claims alleged against it.  (Order (Doc. #79).)  Wells Fargo now moves to dismiss, arguing that each of the five claims alleged against it fail as a matter of law.  In her Response, Harlow concedes that all of her claims against Wells Fargo should be dismissed, but she requests leave to amend count four.  (Pl.'s Opp'n to Def. Wells Fargo, N.A.'s Mot. to Dismiss (Doc. #80) at 3-4.)  Harlow did not submit a proposed third amended complaint to the Court.

Generally, a plaintiff may amend her complaint once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f).  Fed. R. Civ. P. 15(a)(1).  Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  Id.; Foman v. Davis, 371 U.S. 178, 182 (1962).  "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint."  United States v. Corinthian Colls., 655 F.3d 984, 995 (9th Cir. 2011).  It is

within the district court's discretion to determine whether to grant leave to amend.  Gardner v. Martino, 563 F.3d 981, 990 (9th Cir. 2009).  Moreover, under Local Rule 15-1, a party who moves for leave to amend "shall attach the proposed amended pleading to any motion to amend."

There is no indicia of bad faith or undue delay.  Therefore, the central questions are whether amendment would be futile, whether Harlow previously has amended her complaint, and whether amendment would result in prejudice to Wells Fargo.  Given that Harlow does not submit a proposed third amended complaint as required by Local Rule 15-1 or otherwise explain the changes she seeks to make to count four, the Court cannot assess whether the requested amendment would be futile.  As for previous amendments, Harlow amended her Complaint before the case was removed to this Court, and the Court afforded Harlow a second opportunity to amend after removal.  (Order  (Doc. #50) at 9-11.) Harlow's Response does not explain how amending the complaint for a third time will cure the defects in her Second Amended Complaint.  Prolonging the litigation by permitting further amendment would result in undue prejudice to Wells Fargo.  As such, the Court, in its discretion, will deny Harlow's request to amend count four.  Because Harlow concedes that her claims against Wells Fargo should be dismissed, the Court will grant Wells Fargo's Motion to Dismiss.

Regarding Wells Fargo's Motion to Expunge Lis Pendens, Wells Fargo argues the lis pendens recorded against the property at issue in this case should be expunged because Harlow's Second Amended Complaint fails to state a claim and because the foreclosure was not wrongful.  Harlow does not respond to Wells Fargo's Motion. Harlow's failure to respond to Wells Fargo's Motion constitutes a consent to the granting of Wells Fargo's Motion.  LR 7–2(d).  Moreover, given that the Court has dismissed all of Harlow's claims and that there are no remaining defendants in this case, it is appropriate to expunge the lis pendens.  Accordingly, the Court will grant Wells Fargo's Motion.

1          IT IS THEREFORE ORDERED that Defendant Wells Fargo Bank, N.A.'s

2    Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. #74) is

3    hereby GRANTED.

4          IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion

5    to Expunge Lis Pendens (Doc. #73) is hereby GRANTED.

6          IT IS FURTHER ORDERED that Defendant Wells Fargo Bank, N.A.'s Request

7    for Decision on Defendant, Wells Fargo Bank, N.A.'s Motion to Expunge Lis Pendens and

8    Motion to Dismiss or in the Alternative Request for Hearing (Doc. #84) is hereby DENIED

9    as moot.

10

11   DATED: January 27, 2013

12   

13                       PHILIP M. PRO
                         United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26